UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEHINDA MITCHELL, | ) |
| | ) |
| Plaintiff, | ) 18 C 7357 |
| vs. | ) |
| | ) Judge Gary Feinerman |
| CITY OF CHICAGO, MICHAEL McDERMOTT, ANDY JONES, K. GLYNN, JACK WILKINS, NAPOLEON STEVENSON, K. GROSS, SHARON JEFFERSON, and COOK COUNTY, | ) |
| | ) |
| Defendants. | ) |

**REDACTED MEMORANDUM OPINION AND ORDER**

In this suit under 42 U.S.C. § 1983, Kehinda Mitchell alleges that several members of the Chicago Police Department and a Cook County Assistant State's Attorney violated his federal constitutional rights and state law in connection with his pretrial detention, prosecution, and decades-long imprisonment for a murder he did not commit. Doc. 1. Mitchell petitions under Criminal Rule 6(e)(3)(E)(i) to obtain disclosure of the testimony that former Chicago police detective Michael McDermott, a defendant in this case, gave before the grand jury in *United States v. Burge*, 08 CR 846 (N.D. Ill.) (Lefkow, J.). Doc. 51. No party opposes Mitchell's petition, but the Government seeks to prevent disclosure of the bulk of McDermott's testimony. Docs. 55-56; *see* Fed. R. Crim. P. 6(e)(3)(F)(i). The parties and the Government have consented to the petition being decided by the undersigned judge in this case, as opposed to by the judge who presided over the *Burge* criminal case. Doc. 51 at 4 n.2; Doc. 55 at 3. The petition is granted, pending entry of a protective order.

Rule 6(e)(3)(E)(i) permits a district court to "authorize disclosure—at a time, in a manner, and subject to any other conditions that [the court] directs—of a grand jury matter[] preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i); *see Carlson v. United States*, 837 F.3d 753, 763 (7th Cir. 2016) ("Rule 6(e) is but declaratory of the long-standing principle that disclosure of grand jury materials is committed to the discretion of the trial court.") (internal quotation marks omitted). Mitchell seeks disclosure of the testimony that McDermott gave on July 3 and September 25, 2008 before the Special February 2008-2 Grand Jury that indicted former Chicago police commander Jon Burge. The Government does not oppose disclosure of the portion of the testimony, GJ_167 at 1514-1526, that Mitchell previously obtained under Rule 6(e)(3)(E)(i) for purposes of the state postconviction proceedings that ultimately led to his conviction being vacated. Doc. 55 at 3 (citing *Burge*, 08 CR 846, Dkts. 437-438 (reported at 2014 WL 201833 (N.D. Ill. Jan. 17, 2014)); Doc. 1 at ¶¶ 9, 67. The Government does, however, oppose disclosure of the rest of McDermott's testimony, which has been submitted for *in camera* review.

To prevail under Rule 6(e)(3)(E)(i), Mitchell must show "a particularized need" for McDermott's testimony. *United States v. Tingle*, 880 F.3d 850, 855 (7th Cir. 2018); *see also Blair v. Adm'r of the Ill. ARDC*, 942 F.2d 1195, 1198 (7th Cir. 1991) ("Put simply, the secrecy of the grand jury proceeding will not be broken except where the party seeking disclosure can show a compelling necessity or a particularized need.") (internal quotation marks omitted). Specifically, Mitchell "must show[:] [1] that the material [he] seek[s] is needed to avoid a possible injustice in another judicial proceeding, [2] that the need for disclosure is greater than the need for continued secrecy, and [3] that the request is structured to cover only material so needed." *Tingle*, 880 F.3d at 855 (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S.

2

211, 222 (1979)); *see also Hernly v. United States*, 832 F.2d 980, 984 (7th Cir. 1987) ("The standard set forth in *Douglas Oil* is a highly flexible one, adaptable to different circumstances and sensitive to the fact that the requirements of secrecy are greater in some situations than in others.") (internal quotation marks omitted). In evaluating whether Mitchell has made the required showings, the court must review *in camera* McDermott's testimony. *See Lucas v. Turner*, 725 F.2d 1095, 1106 (7th Cir. 1984) ("[A]n *in camera* review of [grand jury] testimony [is] required to prevent unnecessary disclosure."); *see also Blair*, 942 F.2d at 1199 (holding that the district court should review grand jury materials *in camera* to decide whether the petitioner has shown a "particularized need").

As to the first required showing, Mitchell contends that McDermott's grand jury testimony "is needed to avoid a possible injustice," *Tingle*, 880 F.3d at 855 (internal quotation marks omitted), because McDermott may refuse to testify in this case and, if he does, Mitchell could use his grand jury testimony to impeach McDermott or refresh his recollection. Doc. 51 at 5-8. Mitchell's contention is sound, for "the typical showing of particularized need arises when a litigant seeks to use the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like." *Douglas Oil*, 441 U.S. at 222 n.12 (internal quotation marks omitted); *see also Illinois v. Sarbaugh*, 552 F.2d 768, 775-76 (7th Cir. 1977) ("Usually, if not invariably, a need for disclosure arises from a litigant's interest in securing accurate and truthful testimony from witnesses. … If a witness is required to testify publicly about matters previously dealt with in his grand jury testimony, there is little to be said for not allowing the use of his earlier testimony to assure the accuracy of his later testimony."), *superseded on other grounds by* Fed. R. Crim. P. 6(e); *McKeever v. Barr*, 920 F.3d 842, 846 (D.C. Cir. 2019) (explaining that seeking disclosure of grand jury materials "to cross-examine a

3

witness in civil litigation[] plainly f[a]ll[s] within the exception for use 'in connection with a judicial proceeding'") (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 396 n.1 (1959)); *United States v. Doe*, 760 F.2d 436, 439 (2d Cir. 1985) ("Appellant argues that he needs the grand jury testimony … in order to refresh [witnesses'] recollections or impeach and otherwise test their credibility in the course of the hearings. The Supreme Court has indeed recognized that a petitioner's desire to use grand jury transcripts in subsequent proceedings for these purposes may constitute the particularized need required for disclosure."). In such cases, this one included, disclosure of a key witness's grand jury testimony "is necessary to avoid misleading the trier of fact." *Douglas Oil*, 441 U.S. at 222 n.12.

Contrary to the Government's argument, Doc. 56, the content of McDermott's grand jury testimony supports Mitchell's position. McDermott's testimony contains

Moreover, the fact that the Government itself repeatedly used McDermott's grand jury testimony to impeach his June 2010 testimony at Burge's criminal trial, Doc. 51-1 at 4-5

(impeaching McDermott with GJ_167 at 251-252), 6-7 (same, with GJ_167 at 252), 9-10 (same, with GJ_167 at 255), 16-17 (same, with GJ_167 at 258-259), 17-18 (same, with GJ_167 at 259), 19 (same, with GJ_167 at 260), 32-33 (same, with GJ_167 at 1524), 36-37 (same, with GJ_167 at 253), 38 (same, with GJ_167 at 258), 40 (same, with GJ_167 at 255), 41 (same, with GJ_167 at 280), 41-42 (same, with GJ_167 at 287), shows that the need to impeach McDermott's testimony in this case, or at least to refresh his recollection more than ten years after he appeared before the grand jury and some twenty years after he left Area 2, is the opposite of speculative. *See Lucas*, 725 F.2d at 1105 (noting that a witness's grand jury transcript was disclosed "after he experienced considerable and frequent difficulty in recalling the events about which he was questioned") (internal quotation marks omitted); *Sarbaugh*, 552 F.2d at 776 (explaining that disclosure is appropriate where the witness's "memory has faltered or failed with respect to a matter he was able to recall before the grand jury"). Indeed, at a December 2015 hearing in Mitchell's state postconviction proceedings, McDermott continued to dispute an admission he made before the *Burge* grand jury despite having been impeached on that same point during Burge's criminal trial. *Compare* GJ_167 at 1524-1525 (McDermott admitting to the grand jury that he gave untruthful testimony at a suppression hearing), *with* Doc. 51-1 at 31-33 (Government impeaching McDermott's denial of that admission during Burge's trial), *and* Doc. 51-2 at 8-9 (McDermott making the same denial during Mitchell's December 2015 postconviction proceedings). Accordingly, McDermott's grand jury transcripts, together with McDermott's subsequent testimony, substantiate Mitchell's contention that he needs McDermott's grand jury transcripts "to avoid a possible injustice" in this suit. *Tingle*, 880 F.3d at 855 (internal quotation marks omitted).

As to the second required showing under Rule 6(e)(3)(E)(i), the court must find that "the need for disclosure" outweighs "the need for continued secrecy" of McDermott's grand jury testimony. *Ibid*. (internal quotation marks omitted); *see also United States v. Campbell*, 294 F.3d 824, 827 n.1 (7th Cir. 2002) ("Disclosure is appropriate only where the party seeking disclosure demonstrates that his need for the information outweighs the public interest in grand jury secrecy, and the public interest in the sanctity of the grand jury is strong, indeed."). Several features of this case significantly reduce the need for continued secrecy of McDermott's testimony. As an initial matter, the *Burge* grand jury has long concluded its investigation, Burge was convicted years ago, and Burge died last year. *See Burge*, 2014 WL 201833, at *4 ("The Burge trial has concluded; Burge was sentenced in January 2011, the Seventh Circuit affirmed his conviction [in 2013], and the Supreme Court denied his petition for a writ of *certiorari*.") (citation omitted); Sam Roberts, *Jon Burge, 70, Ex-Commander in Chicago Police Torture Cases, Dies*, N.Y. Times (Sept. 20, 2018), https://www.nytimes.com/2018/09/20/obituaries/jonburge-dead.html. As a result, the court need not consider "the immediate effects [of disclosure] on [this] particular grand jury," but only "the possible effect upon the functioning of future grand juries." *Douglas Oil*, 441 U.S. at 222; *see also Sarbaugh*, 552 F.2d at 775 ("When a grand jury has completed its work and the criminal proceedings initiated by its indictment have been concluded, several of the reasons for secrecy no longer remain. The reason that survives the grand jury's term and the criminal proceeding is the need to protect the grand jury witnesses from retaliation, lest witnesses before future grand juries be inhibited by the knowledge that the secrecy of their testimony may be lifted tomorrow.") (alteration, footnote, citation, and internal quotation marks omitted).

Moreover, the fact that the testimony of several *Burge* grand jury witnesses has *already* been released further reduces the significance of the secrecy that McDermott's transcripts might otherwise have retained. In addition to releasing a portion of McDermott's September 25, 2008 grand jury transcript to Mitchell and two other persons for purposes of their state postconviction proceedings, *Burge*, 08 CR 846, Dkts. 437-438, 445, 457, the *Burge* court has authorized disclosure of all "transcripts of the testimony of witnesses appearing before that grand jury" to parties in four § 1983 suits. *Id*., Dkts. 376, 409 (Government's Rule 6(e)(3)(E)(i) petitions); *see id*., Dkts. 382-383 (authorizing disclosure in connection with *Cannon v. Burge*, 05 C 2192 (N.D. Ill.), and *Andrews v. Burge*, 08 C 5874 (N.D. Ill.)); *id*., Dkts. 413-414 (authorizing disclosure in connection with *Tillman v. Burge*, 10 C 4551 (N.D. Ill.), and *Kitchen v. Burge*, 10 C 4093 (N.D. Ill.)). Those prior disclosures, along with the extensive use of McDermott's grand jury testimony for impeachment purposes in Burge's trial, *see* Doc. 51-1 at 4-7, 9-10, 16-19, 32-33, 36-38, 40-42, has "seriously eroded" the secrecy of the *Burge* grand jury proceedings. *In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1301 (4th Cir. 1986) ("Substantially[] all the public interest considerations favoring secrecy are satisfied after the grand jury investigation and the resulting criminal proceedings have been exhausted except for the consideration of the possible effect upon the functioning of future grand juries … . This consideration, however, is seriously eroded if the grand jury materials have already been disclosed, particularly if the disclosure was to the target of the grand jury investigation. This prior disclosure has breached the secrecy theretofore attaching to such materials.") (internal quotation marks omitted); *see also Douglas Oil*, 441 U.S. at 221 (recounting *Dennis v. United States*, 384 U.S. 855, 872-73 (1966), which held that the district court abused its discretion by

refusing to disclose grand jury testimony where the witnesses "already had testified in public concerning the same matters" after the "grand jury had completed its investigation").

Finally, McDermott's non-opposition to Mitchell's petition favors disclosure, as it shows that McDermott himself does not believe that disclosure will expose him "to needless scorn and ridicule." *Blair*, 942 F.2d at 1199 (instructing district courts to "contemplate the impact of disclosure upon" the grand jury witness when ascertaining "the possible effect [of disclosure] upon the functioning of future grand juries"); *see also GJ-76-4*, 800 F.2d at 1301 ("If the witnesses before the grand jury can be harassed, coerced or intimidated by … disclosure, that peril became real when the prior disclosure was made.").

By contrast to the minimal need for continued secrecy of McDermott's grand jury testimony, the need for its disclosure is great. Mitchell's particularized need for the testimony is discussed above. On top of that, the public has a heightened interest in disclosure given that "the maintenance of police integrity and credibility"—an issue central to Burge's prosecution and the present civil suit—"is essential to public confidence." *Jachimowksi v. Conlisk*, 490 F.2d 894, 898 (7th Cir. 1973) ("[T]he disclosure of testimony by policemen … in order to discipline those abusing public offices is a sufficient public interest to override the policy of shielding the grand jury from public scrutiny."). In sum, the second Rule 6(e)(3)(E)(i) showing is satisfied because the modest interest in preserving whatever secrecy remains in McDermott's grand jury testimony is substantially outweighed by Mitchell's interest in proving his allegations of serious police misconduct.

As to the third showing required by Rule 6(e)(3)(E)(i), the court must find that Mitchell's "request is structured to cover only the material" he needs. *Tingle*, 880 F.3d at 855 (internal quotation marks omitted); *see also In re EyeCare Physicians of Am.*, 100 F.3d 514, 518 (7th Cir.

8

1996) ("In a case where a particularized need is established the secrecy of the [grand jury] proceedings is lifted discretely and limitedly.") (internal quotation marks omitted). Unlike the § 1983 plaintiffs referenced above, who obtained disclosure of *all* transcripts from the *Burge* grand jury, *Burge*, 08 CR 846, Dkts. 376, 382-383, 409, 413-414, Mitchell seeks disclosure of only McDermott's testimony, Doc. 51. Because material necessary to Mitchell's case is spread throughout the transcripts from McDermott's grand jury testimony on July 3 and September 25, 2008, disclosure of that entire testimony is warranted. *See Dennis*, 384 U.S. at 874-75 ("[I]t will be extremely difficult for even the most able and experienced trial judge … to pick out all of the grand jury testimony that would be useful in impeaching a witness. Nor is it realistic to assume that the trial court's judgment as to the utility of material for impeachment or other legitimate purposes, however conscientiously made, would exhaust the possibilities. In our adversary system, … [t]he determination of what may be useful to the [party] can properly and effectively be made only by an advocate. The trial judge's function in this respect is limited to deciding whether a case has been made for production, and to supervise the process … .") (footnote, citation, and internal quotation marks omitted); *Sarbaugh*, 552 F.2d at 777 ("[T]he quoted passage [from *Dennis*, 384 U.S. at 874-75] seems equally applicable to civil cases.").

That said, the court is mindful of the Seventh Circuit's admonition that disclosure of grand jury testimony should be subject to a protective order. *See Sarbaugh*, 552 F.2d at 777 (discussing various "restrictions upon the disclosure" of grand jury materials); *see also Douglas Oil*, 441 U.S. at 223 ("[I]f disclosure is ordered, the court may include protective limitations on the use of the disclosed material … ."). Accordingly, the court will stay the required disclosure to provide the parties and the Government an opportunity to submit an agreed proposal or competing proposals for a protective order.

9

## Conclusion

Mitchell's Rule 6(e)(3)(E)(i) petition to disclose the transcripts of McDermott's testimony before the Special February 2008-2 Grand Jury on July 3 and September 25, 2008 is granted. The order is stayed pending entry of a protective order. By June 28, 2019, the parties and the Government shall submit an agreed proposal or competing proposals for a protective order governing the disclosure of the transcripts.

July 22, 2019

United States District Judge