IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEHINDA MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-07357 |
| ) | |
| CITY OF CHICAGO, Chicago Police Detectives ) | Hon. Gary Feinerman |
| MICHAEL McDERMOTT, ANDY JONES, K. ) | |
| GLYNN, and JACK WILKINS, Youth Officer ) | Magistrate: Hon. Michael T. Mason |
| NAPOLEON STEVENSON, and Officer K. ) | |
| GROSS, Cook County Assistant State's Attorney ) | |
| SHARON JEFFERSON, COOK COUNTY, ) | |
| ILLINOIS, and Unknown Current or Former ) | |
| Employees of the City of Chicago, ) | |
| ) | |
| Defendants. | |

## DEFENDANT OFFICERS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DESPOSITIONS

Former Chicago Police Officers Michael McDermott, Andy Jones, Kevin Glynn, Jack Wilkins, Napoleon Stevenson, and Karyn Gross ("Defendant Officers") hereby respond to Plaintiff's motion to compel and state as follows:

1. Plaintiff filed his complaint on November 5, 2018. Dkt. 1.

2. On January 14, 2019, this Court entered a discovery scheduling order. Dkt. 16.

3. The parties exchanged initial disclosures, written discovery, and subpoena responses. The City tendered approximately 4468 pages of documents. Plaintiff tendered approximately 11,000 pages of documents. Defendant Officers had no responsive documents.

4. Defendant Officers began their fact investigation and review of the discovery.

5. On October 3, 2019, Plaintiff reproduced his discovery with new bates numbers, certain documents from the prior production appeared to have been taken out of order and re-

ordered and given new bates numbers in the October production. On October 24, 2019, Plaintiff tendered a privilege log at issue in Defendant Officers' motion for *in camera* inspection. (Ex. A, Email dated October 24, 2019).

6. On November 2019, during a Rule 37.2 conference, the Parties discussed the issues with the reproduction and the issues with the privilege log tendered by Plaintiff. There was no resolution of the issues.

7. On December 11, 2019, during a Rule 37.2 conference, the Parties again discussed the issues with the reproduction and the privilege log. Defendant Officers informed Plaintiff that it would be efficient for all parties in this matter to resolve these discovery issues and provide satisfactory answers to written discovery requests and subpoenas before scheduling depositions. Again, there was no resolution.

8. The Defendant Officers are all retired police officers; some reside out of the State and have health issues. Plaintiff's delayed production of documents may affect Defendant Officers' ability to take complete and thorough depositions requiring supplemental depositions thereby increasing the cost of litigation

9. Defendant Officers are not the only witnesses that reside out of the State or have asked that depositions be rescheduled. Plaintiff scheduled Gene Keller for a deposition on January 14, 2020 and cancelled. Plaintiff scheduled a deposition for Lanell Townsend on January 16, 2020 and cancelled. Tyce Dove is in the custody of the Georgia Department of Corrections. (Ex. B, Inmate Search). Plaintiff is currently in the custody Federal Bureau of Prisons at a residentiary facility in Atlanta, Georgia. (Ex. C, Inmate Search). These depositions will also require additional cooperation among the Parties.

10. On December 18, 2019, Plaintiff tendered an Amended Privilege log notably still attempting to maintain privilege over documents at issue before the Court. (Ex. D, Email Dated December 18, 2019)

11. On January 7, 2020, Defendants filed motion for *in camera* inspection of documents withheld by Plaintiff. The Parties agreed to brief said motion and agreed to a briefing schedule. (Ex. E, Email Dated January 7, 2020)

12. On January 10, 2020, Plaintiff finally produced Craig Katz ARDC documents and stated that there was no protective order but "in an abundance of caution, if we subsequently learn there is a protective order in place, we may need to clawback the documents." (Ex. F, Email Dated January 10, 2020).

13. Defendant Officers appeared in Court and asked that all pending motions be heard on the January 29, 2020 hearing date as they were related.

14. Parties have all agreed to inspect the City's files on January 28, 2020. (Ex. G, Email Dated January 16, 2020)

15. Fact discovery is presently set to close on March 16, 2020. Dkt. 16.The Parties initially had an agreement to file a joint motion to extend fact discovery. Following the hearing before the Court regarding a briefing schedule of the motions before the Court, Plaintiff now voiced objection and placed stipulations upon the Defendant Officers before it would agree to do so. (Ex. H, Email Dated January 16, 2020)

16. The Defendant Officers have not made any unreasonable request of Plaintiff or knowingly prejudiced him. Defendant Officers have been met with gamesmanship and obstruction.

17. "In ruling on motions to compel discovery, courts have consistently adopted a liberal interpretation of the discovery rules." *Kodish v. Oakbrook Terrace Fire Prot. Dist*., 235 F.R.D. 447, 450 (N.D. III. 2006) (citation omitted); *see also Cannon v. Burge*, No. 05 C 2192, 2010 U.S. Dist. LEXIS 95460, 2010 WL 3714991, at *1 (N.D. Ill. Sept. 14, 2010) ("The federal discovery rules are liberal in order to assist in trial preparation and settlement.") "[T]he overall purpose of discovery under the Federal Rules of Civil Procedure is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. Discovery in civil litigation is intended to be an essentially cooperative, self-regulating process for which the parties would take responsibility, with little judicial intervention required. *Reed v. Bowen*, No. 2:16-cv-0319-WTL-MJD, 2017 U.S. Dist. LEXIS 126896, at *1-2 (S.D. Ind. Aug. 10, 2017) citing *United States v. Procter & Gamble Co*., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958) and *Epstein v. MCA, Inc*., 54 F.3d 1422, 1423 (9th Cir. 1995). The court has very broad discretion under Rule 26(c)(2) regarding the scheduling of depositions. *See e.g. Afram Export Corp. v. Metallurgiki Halyps*, S.A., 772 F.2d 1358, 1365 (7th Cir. 1985).

18. Defendant Officers ask only that the Court determine the merit of Defendant Officers motion for *in camera* inspection and in the event the Court finds discoverable documents, they should be produced to Defendant Officers. Upon ruling by this Honorable Court on the outstanding discovery issues before it, Defendant Officers can be submitted for their depositions. The Defendant Officers can then schedule depositions reducing the need for supplemental depositions; this way, accruing unnecessary litigation costs in potentially

having to depose witnesses more than once because of inadequate discovery can be avoided.

For the reasons stated above, Defendants request this Court deny the instant motions.

                                          Respectfully Submitted,

                                          _/s/ *Ahmed Kosoko*_____

                                          One of the attorneys for Defendant Officers

Brian P. Gainer
Ahmed A. Kosoko
JOHNSON & BELL, LTD.
33 W. Monroe, Ste. 2700
Chicago, Illinois 60603
Tel: (312) 372 0770
Fax: (312) 372-9818
Email: gainerb@jbltd.com
Email: kosokoa@jbltd.com

## **CERTIFICATE OF SERVICE**

I, Ahmed Kosoko, an attorney, certify that on January 22, 2020, I filed the foregoing Reply via the Court's CM/ECF electronic filing system and thereby caused a copy to be served on all counsel of record.

/s/ Ahmed Kosoko